# EXHIBIT HH

Message

| | |
|---|---|
| From: | JIM NIZIOLEK (9001\|BLOOMBERG/ PRINCETON\|6609\|975406\|\|) [JNIZIOLEK@Bloomberg.net] |
| on behalf of | JIM NIZIOLEK (9001\|BLOOMBERG/ PRINCETON\|6609\|975406\|\|) <JNIZIOLEK@Bloomberg.net> [JNIZIOLEK@Bloomberg.net] |
| Sent: | 6/15/2018 8:13:48 PM |
| To: | TAMIKA ALEXANDER (9001\|BLOOMBERG/ WASHINGTO\|30246938\|232147\|\|) [TALEXANDER@Bloomberg.net] |
| Subject: | Re:Exiting Employee-Nafeesa Syeed(63605) |

[MSG Greeting]: HR Business Partner for News and Editorial Research

Yes, we should be ready to respond. Lisa and I chatted about the things you'll be doing to address this issue and training in general around these types of issues. Next week, can you please put together a small chart of all of them with tentative dates/plans so we can track them versus when they get delivered? Thanks, Jim

From: Tamika Alexander (BLOOMBERG/ WASHINGTO) At: 06/15/18 16:02:41
To:  Jim Niziolek (BLOOMBERG/ PRINCETON )
Subject: Re:Exiting Employee-Nafeesa Syeed(63605)

Let's see if this raises any questions from Kate or Ken.

From: Jim Niziolek (BLOOMBERG/ PRINCETON) At: 06/15/18 16:02:18
To:  Tamika Alexander (BLOOMBERG/ WASHINGTO )
Subject: Re:Exiting Employee-Nafeesa Syeed(63605)

Thank you

From: Tamika Alexander (BLOOMBERG/ WASHINGTO) At: 06/15/18 16:01:46
To:  Tamika Alexander (BLOOMBERG/ WASHINGTO ) ,  Jim Niziolek (BLOOMBERG/ PRINCETON ) ,  Lisa Jennings (BLOOMBERG/ NEWSROOM: ) ,  Gabrielle Phillips (BLOOMBERG/ LONDON ) ,  Jeanine Colavito (BLOOMBERG/ SAN FRANC ) ,  Ria Davey (BLOOMBERG/ DUBAI OFF ) ,  Will Pattenden (BLOOMBERG/ LONDON ) ,  Vinson Jia (BLOOMBERG/ FINAN INF ) ,  Junko Mitsuyama (BLOOMBERG/ TOKYO MAR ) ,  Melanie Coate (BLOOMBERG/ HONG KONG ) ,  Amy Billmeier (BLOOMBERG/ FRANKFURT ) ,  Regiane Massocco (BLOOMBERG/ SAO PAULO ) ,  Courtney Farrell (BLOOMBERG/ 731 LEX ) ,  Rena Dunn (BLOOMBERG/ LONDON ) ,  Andrea Prince (BLOOMBERG/ HONG KONG ) ,  Amanda Fox (BLOOMBERG/ 731 LEX ) ,  Brianna Reid (BLOOMBERG/ 731 LEX ) ,  Caryn Doyle (BLOOMBERG/ 731 LEX )
Subject: Exiting Employee-Nafeesa Syeed(63605)

Healthy exit from US Govt

From: Tamika Alexander (BLOOMBERG/ WASHINGTO) At: 06/15/18 16:00:41
To:  John Micklethwait (BLOOMBERG/ NEWSROOM: ) ,  Reto Gregori (BLOOMBERG/ NEWSROOM: ) ,  Marty Schenker (BLOOMBERG/ NEWSROOM: ) ,  Wes Kosova (BLOOMBERG/ NEWSROOM: ) ,  Craig Gordon (BLOOMBERG/ NEWSROOM: ) ,  Michael Shepard (BLOOMBERG/ NEWSROOM: )
Subject: Exiting Employee-Nafeesa Syeed(63605)

| | |
|---|---|
| Exiting Employee: | Nafeesa Syeed |
| Manager: | William Faries |
| Start Date: | 2014-10-19 |
| Term Date: | 2018-06-08 |
| Time in Company: | 3 year(s), 7 month(s) |
| Rating: | ███ as of 2017 BLP Year-End Review |
| Role: | Reporter (BLP) |
| Department: | National Security |
| Business Unit: | Government |
| Location: | Washington D.C. - 1101 NY Ave |

Reasons for Leaving:
    Primary:   The job itself
    Secondary: Personal reasons

SUMMARY:

██████████████████████████████████████

PLAINTIFF'S EXHIBIT
16
6/10/25  W/I
PENGAD 800-631-6989



BLP_NS_0001188

CONFIDENTIAL

BLP_NS_0001189

# EXHIBIT II

Message

| From: | JIM NIZIOLEK (9001|BLOOMBERG/ PRINCETON|6609|975406||) [JNIZIOLEK@Bloomberg.net] |
| on behalf of | JIM NIZIOLEK (9001|BLOOMBERG/ PRINCETON|6609|975406||) <JNIZIOLEK@Bloomberg.net> [JNIZIOLEK@Bloomberg.net] |
| Sent: | 6/17/2018 1:47:58 PM |
| To: | TAMIKA ALEXANDER (9001|BLOOMBERG/ WASHINGTO|30246938|232147||) [TALEXANDER@Bloomberg.net] |
| Subject: | Re:Fwd:Re:Fwd:Re:Exiting Employee-Nafeesa Syeed(63605) |

[MSG Greeting]: HR Business Partner for News and Editorial Research

Great. Thanks. Glad they are open to this.

----- Original Message -----
From: TAMIKA ALEXANDER (BLOOMBERG/ WASHINGTO)
To: JIM NIZIOLEK
At: 17-Jun-2018 08:30:01

Kim, Forgot to cc you

Sent from Bloomberg Professional for iPhone


----- Original Message -----
From: LISA JENNINGS (BLOOMBERG/ NEWSROOM:)
To: TAMIKA ALEXANDER
At: 15-Jun-2018 21:12:38

Thank you - sounds like a wake up call! Glad they are receptive!!

Sent from Bloomberg Professional for iPhone


----- Original Message -----
From: TAMIKA ALEXANDER (BLOOMBERG/ WASHINGTO)
To: LISA JENNINGS
At: 15-Jun-2018 19:16:56

FYI

Sent from Bloomberg Professional for iPhone


----- Original Message -----
From: RETO GREGORI (BLOOMBERG/ NEWSROOM:)
To: TAMIKA ALEXANDER, MARTY SCHENKER, MICHAEL SHEPARD, WES KOSOVA, CRAIG GORDON, JOHN MICKLETHWAIT
At: 15-Jun-2018 20:01:23

Thanks

Sent from Bloomberg Professional for Android


----- Original Message -----
From: CRAIG GORDON
At: 15-Jun-2018 18:51:15


PLAINTIFF'S EXHIBIT 20 PENGAD 800-631-6989 6/18/25

Likewise. We take Nafeesa's concerns extremely seriously, and we all have reflected on what we might have done differently, even as it's true that we struggled to find the right "fit."

We are gathering next week with our Team Leaders, along with Tamika. I want to discuss using the mid-year evaluation process to ensure that they are pro-active in asking about their employees' career ambitions and in displaying an "open door" approach to hearing other concerns. Also, we have discussed offering added micro-aggression training for TLs and others, and we can fill you in as we move forward. I'm available to discuss the matter at any time.

From: WES KOSOVA (BLOOMBERG/ NEWSROOM:) At: 06/15/18 18:00:36
To:  RETO GREGORI (BLOOMBERG/ NEWSROOM: ) ,  TAMIKA ALEXANDER (BLOOMBERG/ WASHINGTO ) ,  MARTY SCHENKER (BLOOMBERG/ NEWSROOM: ) ,  MICHAEL SHEPARD (BLOOMBERG/ NEWSROOM: ) ,  CRAIG GORDON (BLOOMBERG/ NEWSROOM: ) ,  JOHN MICKLETHWAIT (BLOOMBERG/ NEWSROOM: )
Subject: Re:Exiting Employee-Nafeesa Syeed(63605)

Thank you, Tamika.

CONFIDENTIAL

BLP NS 0001197

John, Reto, Marty, it is accurate to say that Nafeesa's managers struggled to find the right role for her. But Nafeesa's account does not fully capture why that was the case. Happy to share the details if you like.

----- Original Message -----
From: TAMIKA ALEXANDER (BLOOMBERG/ WASHINGTO)
To: JOHN MICKLETHWAIT, RETO GREGORI, MARTY SCHENKER, WES KOSOVA, CRAIG GORDON, MICHAEL SHEPARD
At: 15-Jun-2018 16:00:41

Exiting Employee:  Nafeesa Syeed
Manager:           William Faries
Start Date:        2014-10-19
Term Date:         2018-06-08
Time in Company:   3 year(s), 7 month(s)
Rating:            █████ as of 2017 BLP Year-End Review
Role:              Reporter (BLP)
Department:        National Security
Business Unit:     Government
Location:          Washington D.C. - 1101 NY Ave

Reasons for Leaving:
    Primary:    The job itself
    Secondary:  Personal reasons

SUMMARY:

CONFIDENTIAL

BLP_NS 0001198

# EXHIBIT JJ

Message
_____

From:        CRAIG GORDON (9001|BLOOMBERG/ NEWSROOM:|30289042|10937331||) [CGORDON39@Bloomberg.net]
on behalf of   CRAIG GORDON (9001|BLOOMBERG/ NEWSROOM:|30289042|10937331||) <CGORDON39@Bloomberg.net>
             [CGORDON39@Bloomberg.net]
Sent:        7/16/2018 8:23:59 PM
To:          TAMIKA ALEXANDER (9001|BLOOMBERG/ WASHINGTO|30246938|232147||) [TALEXANDER@Bloomberg.net]
Subject:     Re:Microagression session tomorrow


[MSG Greeting]: Washington Bureau Chief. Cell anytime: ████████████

Got it. Please make sure ███████████ gets invited as well. He hadn't heard about it. I'm off the week
before but back that week. Thanks.

From: TAMIKA ALEXANDER (BLOOMBERG/ WASHINGTO) At: 07/16/18 11:23:56
To:   CRAIG GORDON (BLOOMBERG/ NEWSROOM: )
Subject: Microagression session tomorrow

Hi,

we are going to push it to August when Mike and ███████████ are back. I'm thinking the week of Aug 13.

PLAINTIFF'S
EXHIBIT
21
6/10/25   WJ
PENGAD 800-631-6989

CONFIDENTIAL

# EXHIBIT KK

Message

| | |
|---|---|
| **From:** | BILL FARIES (9001\|BLOOMBERG/ NEWSROOM:\|30289042\|4312022\|\|) [WFARIES@Bloomberg.net] |
| **on behalf of** | BILL FARIES (9001\|BLOOMBERG/ NEWSROOM:\|30289042\|4312022\|\|) <WFARIES@Bloomberg.net> [WFARIES@Bloomberg.net] |
| **Sent:** | 7/17/2018 1:15:05 PM |
| **To:** | TAMIKA ALEXANDER (9001\|BLOOMBERG/ WASHINGTO\|30246938\|232147\|\|) [TALEXANDER@Bloomberg.net] |
| **Subject:** | Re:Yesterday's Microaggresion course |

[MSG Greeting]: NatSec Team Leader ███████████ Evenings/weekend? Call or text!

I could do.

From: Tamika Alexander (BLOOMBERG/ WASHINGTO) At: 07/17/18 08:57:09
To:  Bill Faries (BLOOMBERG/ NEWSROOM: )
Subject: Yesterday's Microaggresion course

Hi,

for those who missed yesterday's TL session on the mandatory Managing Microaggressions in the Workplace, please let me know if you are available to attend today at noon. If not, we will look to offer another session in August or Sept.


Tamika



PLAINTIFF'S
EXHIBIT
22
6/10/25  NA
PENGAD 800-631-6989

# EXHIBIT LL

**EXTERNAL APPLICATIONS**

**Reporter opportunities in the Middle East**
Req #34827 Application Date: 12/11/2012
Recruiter: Mieke Contreras        Hiring Manager: Andrew J. Barden

Due to continued expansion, Bloomberg News is seeking Reporters to
cover a range of beats from our Middle East bureaus. The
successful candidate must be able to perform under pressure to
meet real-time deadlines, write market- moving headlines and
breaking news stories on business and finance topics ranging from
company earnings, market reports, news about mergers and
acquisitions, covering the world of money in all of its forms.

You need to have the ability to identify stories worth expanding
on, and work with the reporters on your beat to build on these
stories. Overall responsibilities include attending press
briefings and evening events, monitoring other media and writing
spot news as well as feature stories.

Requirements
- Previous financial journalism experience is essential.
- Experience of working in a real-time news environment is
desirable.
- A bachelors degree or equivalent work experience is desirable as
is a specific journalism qualification.
- You should speak fluent English and Arabic.
- Ability to generate your own ideas and work independently.

---

**Asia Reporter at Large**
Req #34909 Application Date: 12/11/2012
Recruiter: Karen Wong        Hiring Manager: David Merritt

Bloomberg is seeking an experienced reporter to write high-quality
features about Asia. This reporter will produce exclusive stories
that explain compelling and surprising aspects of Asian business,
markets, politics and society to our global audience.
The ideal candidate should have at least five years of experience
in journalism, such as for a newspaper or real-time news service,
and be able to produce clear, concise, and accurate copy under
deadline pressure. This reporter will work well with other
reporters and editors across different beats, and be able to
understand and analyze market and industry data.

Additional responsibilities include:
 -Coordinating and executing coverage with other editors and team
leaders



CONFIDENTIAL

BLP NS 0000052

-Developing story ideas and working with editors and managers to deliver them
-Producing work for a variety of platforms, from the Bloomberg terminal to print magazines and television.

Qualifications
- Bachelor's degree or equivalent
- At least five years of journalism experience
- Experience working in a real-time news environment is desirable

Additional Skills & Qualifications
- Ability to deliver information accurately in a fast-paced environment
- Ability to think quickly to provide insights and perspective into industry reports
- Demonstrable attention to detail and organizational skills
- An entrepreneurial and energetic approach to the job
- A good communicator, collaborator and team player
- Knowledge of the government, economy, financial markets and industry

---

**Economy/Government Reporter - Dubai**
Req #33179 Application Date: 12/11/2012
Recruiter: Joanne Ferguson        Hiring Manager: Andrew J. Barden

Bloomberg News is seeking an experienced reporter to cover economic news in Dubai, assisting both with our bureau's local effort and our overall coverage of the Arab Spring and its effects on regional economies.

The role requires newsgathering from UAE and Middle Eastern government officials and economic institutions, developing sources, breaking news, and writing analysis articles for Bloomberg's global audience.

The successful candidate will join our team in Dubai and work with colleagues in the Government and Economy across the Middle East. Candidates should be accustomed to producing clear and comprehensive enterprise pieces, have a record of breaking important stories, and be able to write spot news under real-time deadline pressure. The successful applicant is expected to have the proven ability to make snap decisions about stories that would appear on TOP, Bloomberg's front page.

This high-profile job involves travel.

Requirements:

BLP NS 0000053

- A bachelor's degree in a relevant subject, a journalism qualification, or equivalent work experience is desirable.
- Journalism experience is required.
- Experience of working in a real-time news environment is desirable.
- Understanding of the Middle East, its history and institutions is essential.
- Fluency in English and Arabic. Other languages would be useful.

---

**Economy & Government Reporter – Cairo**
Req #34152 Application Date: 12/11/2012
Recruiter: Joanne Ferguson    Hiring Manager  Andrew J. Barden

Bloomberg News is seeking an experienced reporter to cover economic news in Cairo, assisting both with our bureau's local effort and our overall coverage of the Arab Spring and its effects on regional economies.

The role requires newsgathering from Middle Eastern government officials and economic institutions, developing sources, breaking news, and writing analysis articles for Bloomberg's global audience.

The successful candidate will join our team in Cairo and work with colleagues in the Government and Economy across the Middle East. Candidates should be accustomed to producing clear and comprehensive enterprise pieces, have a record of breaking important stories, and be able to write spot news under real-time deadline pressure. The successful applicant is expected to have the proven ability to make snap decisions about stories that would appear on TOP, Bloomberg's front page.

This high-profile job involves travel.

Requirements:
- A bachelor's degree in a relevant subject, a journalism qualification, or equivalent work experience is desirable.
- Journalism experience is required.
- Experience of working in a real-time news environment is desirable.
- Understanding of the Middle East, its history and institutions is essential.
- Fluency in English and Arabic. Other languages would be useful.

---

**Transport Industry Reporter - Bloomberg**
Req #34338 Application Date: 1/6/2013

CONFIDENTIAL

BLP NS 0000054

Recruiter: Mieke Contreras        Hiring Manager: Benedikt Kammel

Bloomberg News is seeking a reporter based in Dubai to cover the transport industry and major companies in the Gulf. Successful candidates will be expected to produce breaking news exclusive reporting and features on airlines companies, railways, transport and telecommunication projects under real-time deadline.

The ideal candidate should have experience at a newspaper or a news service, including experience covering the airline industry and companies. This individual should have the ability to write with speed, grace, and clarity, and should also be able to work as a part of a team, which will include colleagues and supervisors in other bureaus.

Qualifications
-Bachelor's degree or equivalent experience.
-Financial news experience is essential; experience reporting on Gulf region transport companies preferred.
-Ability to write clear, concise and accurate news stories.
-Fluency in Arabic

---

## Economy/Government Editor - Cairo

Req #35887 Application Date: 5/12/2013
Recruiter: Mieke Contreras      Hiring Manager: Andrew J. Barden

Bloomberg News seeks an experienced Economy/Government editor in Cairo or London to join the regional team. Successful applicants will have an in-depth knowledge of the Middle East, and will be fluent in English. Working knowledge of Arabic and a familiarity with North Africa are assets. The editor will also be expected to serve as a mentor and coach to reporters and be comfortable working within a team environment.

Candidates should be accustomed to producing clear and comprehensive enterprise pieces, have a record of breaking important stories, and be able to edit spot news under real-time deadline pressure. The successful applicant is expected to have the proven ability to make snap decisions about stories that would appear on TOP, Bloomberg's front page.

Requirements:
- A minimum of bachelor's degree in a relevant subject. A journalism qualification or equivalent work experience is desirable.
- Journalism experience is required.
- Experience of working in a real-time news environment.

CONFIDENTIAL

BLP NS 0000055

- Understanding of the Middle East, its economy, politics, history and institutions is essential.
- Fluency in English. Other languages such as Arabic and Persian would be desirable.

---

**Economy/Government Reporter - Dubai    (HIRED)**
Req #41056 Application Date: 6/16/2014
Recruiter: Sarah Mann                 Hiring Manager: Alaa Shahine

The Role
Bloomberg News is seeking an experienced reporter to cover economic news in Dubai, assisting both with our bureau's local effort and our overall coverage of economic and political news in the United Arab Emirates and Gulf Cooperation Council.

The successful candidate will join our team in Dubai and work with colleagues in the Government and Economy across the Middle East. Candidates should be accustomed to producing clear and comprehensive feature pieces, have a record of breaking important stories, and be able to write spot news under real-time deadline pressure. The successful applicant is expected to have the proven ability to make snap decisions about stories that would appear on TOP, Bloomberg's front page.

The role requires newsgathering from UAE and GCC government officials and economic institutions, developing sources, breaking news, and writing analysis articles for Bloomberg's global audience.  The reporter may be also required to help with other coverage in the Middle East.

Qualifications:
-A bachelor's degree or equivalent work experience is desirable
-Journalism experience is required
-Experience of working in a real-time news environment is desirable
-Understanding of the Middle East, its history and institutions is essential
-Understanding of economics, monetary policy is a plus
-Fluency in English and Arabic. Other languages would be useful

CONFIDENTIAL

BLP NS 0000056

**INTERNAL APPLICATIONS**

**Tech Reporter**
Req #47597 Application Date: 10/25/2015
Recruiter: Danielle Hirshberg    Hiring Manager: Tom Giles

The Role:
Bloomberg Global Tech is on the lookout for an agile reporter
who's able to write quickly and crisply on the most pressing tech
issues of the day. This person has a knack for quickly coming up
with original ideas and smart analysis on the biggest tech stories
in tech -- a cogent rundown of the latest development in the
business of technology, be it the release of a new gadget, a
bankruptcy, a management overhaul or a funding round that elevates
an unknown startup into overnight unicorn status. The ideal
candidate will also have an eye for the stories no one else is
telling on an intensely covered beat, and be versatile enough to
write for a variety of platforms, including the Web, Bloomberg
terminal and Bloomberg Businessweek magazine.

Qualifications:
--Bachelor's degree or equivalent experience
--Minimum of three years in journalism, preferably with a focus on
business
--Experience working in a real-time news environment

---

**Pharmaceuticals Reporter**
Req #48141 Application Date: 12/22/2015
Recruiter: Danielle Hirshberg    Hiring Manager: Crayton Harrison

The Role:
Bloomberg is looking for an ambitious reporter looking to break
news on one of the most hotly watched beats in the country:
pharmaceutical companies. The person will be a news breaker who is
adept at working sources, combing through filings and reporting
doggedly on the hottest issues in the industry, from the rising
cost of medications to the race to defeat cancer. The ideal
candidate already has connections in the industry, has a knack for
spotting trends and ideas before others do, and can write for a
variety of platforms, from the Bloomberg terminal to the Web to
Bloomberg Businessweek magazine.

Qualifications:
--Bachelor's degree or equivalent experience
--Minimum of five years in journalism, preferably with a focus on
business
--Experience working in a real-time news environment

CONFIDENTIAL                                                    BLP NS 0000057

**Bloomberg News, Foreign Policy Reporter**
Req #48660 Application Date: 2/2/2016
Recruiter: Danielle Hirshberg    Hiring Manager: Craig Gordon

Bloomberg is seeking a U.S. foreign policy reporter for the national security team in the Washington office. The successful applicant should have previous experience in foreign policy/government reporting and a proven ability to put breaking news developments into a global context. The reporter will be expected to tap into and generate scoops on the broader foreign policy community in Washington -- including diplomats, analysts, lobbyists, members of Congress and visiting politicians who help sway policy.

The preferred candidate will have a proven ability to produce breaking news stories under real-time deadline pressure in a team environment as well as take the lead on incisive enterprise and data-based stories that will distinguish Bloomberg's reporting from other outlets.

Collaboration is critical. The reporter will need to coordinate with journalists across the globe, helping develop stories emerging from Europe, Asia, Latin America and Africa as well as breaking news that those regions will carry through the day as they come on line. In an election year, he/she will also help further U.S. political coverage as the top candidates emerge and the transition to a new administration takes place.

Qualifications
- Bachelor's degree or the equivalent
- Experience working in a real-time news environment
- Minimum of five years of journalism experience
- Ability to write quickly, concisely and accurately under deadline pressure AND produce longer-form enterprise work
- Ability to identify trends and spot when a change of word choice signals a shift in strategy
- Ability to think creatively about how to most effectively explain a story, whether in short-form, long-form or via a chart or video
- An entrepreneurial approach to the job with a curious mind and a scrappy passion for reporting
- Demonstrable attention to detail and organizational skills
- Exposure to cyber-security policy and experience working abroad are preferable, though not required

CONFIDENTIAL

BLP NS 0000058

**Features Editor - Digital**
Req #48434 Application Date: 2/10/2016
Recruiter: Nathan Small        Hiring Manager: Thomas Houston

Bloomberg Media is looking for a Features Editor to join the team responsible for the creation of long form feature stories at its flagship online publication. The role requires a commitment to the best journalistic practices, impeccable judgment under fire, fantastic taste, and strong collaboration skills. An appreciation for traditional media paired with a passion for digital storytelling is essential for success.

This person will have the ability to:

-Develop and manage relationships with fantastic freelance contributors
-Work with freelance and staff writers on story development, from pitch to publication
-Coordinate with designers, video teams, and other teams on story execution
-Maintain an ongoing calendar of feature stories
-Coordinate with BusinessWeek magazine and other teams on cross-platform projects

This person will need to have:

-A highly developed editorial sensibility and the ability to successfully work as part of a team of editors working on long-term projects.
-Over three years Features Editors Experience working at multiple levels of the newsroom - from reporter to top editor - is a plus.
-Experience working on the web with a significant emphasis on long form multimedia storytelling.

---

**Copy Editor (Temporary Assignment)**
Req #48935 Application Date: 3/29/2016
Recruiter: Catherine Whelan     Hiring Manager: David Shipley

The Role:
Bloomberg View is seeking a Copy Editor in our New York Office. This individual should have strong news judgment and vet articles for news value, correct grammar and compliance to Bloomberg View's style.  This person should be a team player.

Qualifications:
-A minimum of five years of copy editing experience
-Extreme attention to detail

CONFIDENTIAL

BLP NS 0000059

-Ability to work under tight deadlines

This assignment requires prior approval from your manager before applying, as headcount will not be transferred. Due to the short duration of the assignment, work authorization is required and candidates who don't require relocation will be preferred.

---

### Site Editor
Req #66590  Application Date: 5/21/2018
Recruiter: Heidi Byrne          Hiring Manager: Holly Lemkau Doran

Bloomberg Media is looking for a site editor to help launch and run a new digital media property focused on the largest global challenges in the New Economy -- the rising powers and technologies shaping the planet. You should have a good grasp of geopolitics and economics, and understand the interplay between the two. Above all, you must understand the power of narrative. The ideal candidate is an experienced performer in a digital newsroom; she or he is someone who is comfortable with making lots of decisions very quickly and who understands the tools, trends, platforms, and processes behind the most modern strategies for telling stories on the web. The job requires a commitment to the best journalistic practices, impeccable judgment under fire, great taste, and a willingness to take risks.

As our site editor, we'll trust you to:

-Oversee the content direction and distribution strategy of a new digital property focused on major global socioeconomic challenges. In particular, you will:
-Work with the newsroom on coverage related to the 'New Economy' that can be featured and curated for a digital audience
-Work with government and business leaders, experts and other newsmakers affiliated with Bloomberg Media to produce guest columns and op-eds
-Coordinate the creation of video features and data visualizations on topics related to the 'New Economy'
-Manage digital production, including homepage and app curation as well as breaking news alerts across platforms
-Manage social media presence for the new property across a variety of platforms, including Facebook, Twitter, LinkedIn and others

We'll need you to have:

-5+ years as a journalist at a top tier digital publisher, with some editing experience

BLP NS 0000060

-A strong understanding of the tools, trends, platforms and processes behind the most modern strategies for telling stories - both text and video - on digital
-Expertise in social tools, analytics, paid social media, content strategies, and platforms (both user facing and editorial / analytical)
-Excellent project management and problem-solving skills with an ability to create project plans and manage through seamless execution
-Strong writing, editorial and video production skills

CONFIDENTIAL

BLP NS 0000061

# EXHIBIT M

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAFEESA SYEED, | Case No. 1:24-cv-6101 (GHW) |
| Plaintiff, | **PLAINTIFF'S THIRD AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |
| v. | |
| BLOOMBERG L.P., | |
| Defendant. | |

Plaintiff Nafeesa Syeed hereby objects, by and through her attorneys, Amends her Objections and Responses to Defendant Bloomberg L.P.'s First Set of Interrogatories, under oath as follows:

## RESERVATION OF RIGHTS

The disclosure of any information or identification of any documents in response to the Interrogatories shall not constitute an admission of the relevance, materiality, or admissibility of such information or documents referenced therein, and all objections to the use of such information or documents or to further disclosure are hereby expressly preserved. Plaintiff reserves the right to supplement and/or amend her responses herein based on additional evidence obtained during the course of discovery and to assert additional objections to the extent necessary and appropriate.

## GENERAL OBJECTIONS

In addition to the specific objections stated below, Plaintiff incorporates each of the following General Objections as part of her Responses:

1.      Plaintiff objects to Defendant's "Definitions and Instructions" section to the extent it seeks to impose any obligations on Plaintiff that are in addition to or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of New York, and any Court Individual Rules & Practices and/or any Court order. Plaintiff will apply the definitions and instructions established in Local Rules 26.3 and 33.3 and Federal Rules 26 and 33. Plaintiff will respond to the Interrogatories in accordance with those Rules and will not provide information and/or documents insofar as they exceed the scope and requirements of those Rules.

2.      Plaintiff objects to each Interrogatory to the extent that it seeks information that is neither relevant to the claims made nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each Interrogatory to the extent that they are overly broad, unduly burdensome or vague.

4.      Plaintiff objects to each Interrogatory to the extent that it makes an accompanying request for the production of documents not within Plaintiff's possession, custody, or control or inappropriately seeks documents that are already in the possession, custody, or control of Defendant.

5.      Plaintiff objects to each Interrogatory to the extent that it seeks information and/or documents that are protected by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privilege or immunity.

6.      Plaintiff objects to the Interrogatories to the extent they fail to define a relevant time period. The responses shall be limited to the time period during which Defendant employed Plaintiff (the "Relevant Period").

7.      Nothing herein is intended to waive the following objections, which are all expressly reserved: (a) objections as to competency, relevancy, materiality and/or admissibility of the subject matter of the requests; (b) objections on any ground as to the use of any information

2

provided in response to Defendant's Interrogatories; and (c) objections on any ground to any request for further responses to those or other discovery requests.

8.    All of the responses herein will be subject to and limited by the foregoing General Objections, and information subject to those objections will not be provided unless otherwise indicated. Plaintiff's failure to object to a specific Interrogatory herein does not constitute a waiver of these General Objections, which are made as to all of the Interrogatories herein to the extent applicable. Further, Plaintiff's agreement to respond to any part of these Interrogatories does not constitute a representation that such information is relevant and admissible, but only that she has made, and will continue to make a good faith effort to provide information responsive to the Interrogatories and, subject to any and all of the General and Specific Objections, to provide such responsive information.

9.    Plaintiff reserves the right to supplement and/or amend her responses if necessary.

10.    Each of the General Objections is incorporated by reference in each of the responses set forth below.

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all persons who have knowledge or information relevant to any of the claims, events, facts, circumstances, or damages alleged or referred to in the Complaint, whether or not Plaintiff intends to call them as witnesses, and for each such person provide:

(a) their last known home or business address;

(b) their last known home or business telephone number; and

(c) a brief description of the knowledge or information possessed by such person.

3

**<u>OBJECTION AND RESPONSE NO. 1:</u>**

Plaintiff objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome because of its request for "any" of the "claims" "events" "circumstances" as "alleged or referred to in the Complaint." Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks beyond the scope permitted by Rule 33.3(a) is more practically obtained through requests for production, depositions, and/or Initial Disclosures.

Subject to and without waiving the foregoing objections and General Objections, Plaintiff incorporates the list of witnesses in her Rule 26 Initial Disclosure Statement and identifies the following:

a. Matthew Winkler

b. John Micklethwait

c. Marty Schenker

d. Reto Gregori

e. Andrew Barden

f. Riad Hamade

g. Maher Chmaytelli

h. Cesca Antonelli

i. Michael Bloomberg

j. Alaa Shahine

k. Claudia Maedler

l. Inal Ersan

m. Bill Grueskin

n.  **Tom Giles**

o.  **Flavia Krause-Jackson**

p.  **Laura Zelenko**

q.  **Megan Murphy**

r.  **Thomas Houston**

s.  **Craig Gordon**

t.  **Bill Faries**

u.  **Larry Liebert**

v.  **Nick Wadhams**

w.  **Chris Strohm**

x.  **Kambiz Foroohar**

y.  **Tony Capaccio**

z.  **Tamika Alexander**

aa. **Saleh Mohsin**

bb. **Ethan Bronner**

cc. **Peter Waldman**

dd. **Matthew Philips**

ee. **Mike Shepard**

ff. **Ben Holland**

gg. **Sarah Forden**

hh. **Lisa Jennings**

ii.  **Shelby Siegel**

jj. **Krista Sullivan**

5

kk. Erika Irish Brown

ll. Katherine Polis

mm. Wes Kosova

Plaintiff reserves her right to disclose additional individuals whose identity may be ascertained in the course of discovery and/or investigation.

**INTERROGATORY NO. 2:**

Identify all persons (other than Plaintiff's attorneys, but including any current or former BLP employees) with whom Plaintiff has communicated concerning any allegation or claim in the Complaint, including but not limited to Plaintiff's allegations of discrimination and/or harassment.

**OBJECTION AND RESPONSE NO. 2:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome. Plaintiff further objects to the Request on the grounds that Defendant failed to limit this request to the relevant time period, or to any time period at all. Plaintiff further objects on the grounds that the request seeks privileged information in violation of the attorney-client, common interest, and other applicable privileges. Plaintiff further objects to this Interrogatory to the extent that it may subject Plaintiff and/or any third party to unwarranted intrusion, annoyance, harassment, oppression, embarrassment, and undue burden.

Subject to and without waiving the foregoing objections and General Objections, Plaintiff identifies the following: Laura Zelenko; Megan Murphy; Tamika Alexander, Stephanie Stoughton; Shayla Gibson; Bill Faries; and Vivian Nereim. Plaintiff reserves her right to disclose additional individuals whose identity may be ascertained in the course of discovery and/or investigation.

6

**INTERROGATORY NO. 3:**

Identify (by stating the name of the position or role) every position, "promotion[]," and/or "career opportunit[y]" with Defendant that Plaintiff sought, expressed "interest" in, or applied for in New York, as referenced in paragraphs "1," "4," "28," "60," "62," "63," "64," "72" and "76" of the Complaint.

**OBJECTION AND RESPONSE NO. 3:**

**Plaintiff objects to this Interrogatory on the grounds that it is vague and unduly burdensome. Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks is more practically obtained through requests for production and/or depositions.**

**AMENDED OBJECTION AND RESPONSE NO. 3:**

**Plaintiff objects to this Interrogatory on the grounds that it is vague and unduly burdensome. Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks is more practically obtained through requests for production and/or depositions.**

**Subject to and without waiving the foregoing objections and General Objections, Plaintiff responds as follows:**

**On December 11, 2012, Plaintiff Syeed applied to four positions through Defendant Bloomberg's online careers portal through Bloomberg's New York-based HR headquarters: she did not receive an offer from any of them. Bloomberg advertised the available positions as: "Reporter opportunities in the Middle East"; "Asia Reporter at Large"; "Economy & Government Reporter – Dubai"; "Economy & Government Reporter – Cairo." On December 17, 2012, Bloomberg advised Plaintiff she was not selected for the available Asia Reporter at Large position.**

On January 6, 2013, Plaintiff Syeed applied for Defendant Bloomberg's Transport Industry Reporter post in Dubai.

On May 12, 2013, Plaintiff Syeed applied for Defendant Bloomberg Economy/Government Editor – Cairo post.

On June 16, 2014, Plaintiff Syeed applied for Defendant Bloomberg Economy/Government Reporter's post in Dubai.

From January-February 2016, Plaintiff Syeed applied for the Washington Bureau's Foreign Policy reporting position. It was posted internally and then publicly listed online on February 2, 2016.

On March 8, 2016, Plaintiff Syeed interviewed with Thomas Houston, Deputy Editor overseeing digital innovation for Digital Features/Longform Editor post, a position for which she was fully qualified and applied for in New York.

In April 2018, Plaintiff Syeed applied for the New Economy Forum Editor position in New York, among other positions, in the coverage area of foreign policy as she sought to transfer to New York.

**SECOND AMENDED OBJECTION AND RESPONSE NO. 3:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and unduly burdensome to the extent that each "position" or "role" may have been referred to by different titles internally or externally by Defendant. Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks is more practically obtained through requests for production for documents and/or depositions.

Subject to and without waiving the foregoing objections and General Objections, Plaintiff responds as follows:

8

In or around September-December 2015, Plaintiff applied for Defendant Bloomberg's New York Technology Reporter position. Plaintiff interviewed with Tom Giles, Defendant's Executive Director for Technology Coverage.

In or around September-December 2015, Plaintiff applied for Defendant Bloomberg's New York Health/Pharma Reporter position. Plaintiff interviewed with Jacqueline Simmons, Defendant's Executive Editor.

On March 8, 2016, Plaintiff interviewed with Thomas Houston, Deputy Editor overseeing digital innovation for Digital Features/Longform Editor post, a position for which she was fully qualified and applied for in New York.

In March 2018, Plaintiff expressed interest in the vacant United Nations Reporter role in New York to David Wainer referenced in paragraph 60 of the Complaint. Paragraphs 63 and 64 reference this same UN reporter position, identified as "the UN reporting position" in paragraph 63 and "the UN position" in paragraph 64.

In April 2018, Plaintiff applied for the New Economy Forum Editor position in New York, as referenced in paragraph 63 of the Complaint. Bill Faries was advised of Plaintiff's application to the New Economy Forum Editor position by Defendant Bloomberg's New York Human Resources Department.

In or around Spring 2018, Plaintiff applied for the Health and/or Health Care Reporter position in New York. Plaintiff interviewed for the role with a Defendant Bloomberg Health Editor in New York.

From January through June 2018, Plaintiff told Bill Faries and Mike Shepard numerous times that she was interested in foreign policy reporting jobs, investigative reporter jobs and editing roles based in New York, as referenced in paragraphs 60, 62, and 63 of the Complaint.

9

In or around Spring 2018, Plaintiff discussed with Bill Faries and Tamika Alexander other job possibilities for Plaintiff in New York, however, Plaintiff is not in possession of the names of those job titles, which are within Defendant's exclusive possession, custody and control.

**THIRD AMENDED OBJECTION AND RESPONSE NO. 3:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and unduly burdensome to the extent that each "position" or "role" may have been referred to by different titles internally or externally by Defendant. Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks is more practically obtained through requests for production for documents and/or depositions.

Subject to and without waiving the foregoing objections and General Objections, Plaintiff responds as follows:

In or around September-December 2015, Plaintiff applied for Defendant Bloomberg's New York Technology Reporter position. Plaintiff interviewed with Tom Giles, Defendant's Executive Director for Technology Coverage.

In or around September-December 2015, Plaintiff applied for Defendant Bloomberg's New York Health/Pharma Reporter position. Plaintiff interviewed with Jacqueline Simmons, Defendant's Executive Editor.

On March 8, 2016, Plaintiff interviewed with Thomas Houston, Deputy Editor overseeing digital innovation for Digital Features/Longform Editor post, a position for which she was fully qualified and applied for in New York.

In March 2018, Plaintiff expressed interest in the vacant United Nations Reporter role in New York to Bill Faries referenced in paragraph 60 of the Complaint. Paragraphs 63 and

10

64 reference this same UN reporter position, identified as "the UN reporting position" in paragraph 63 and "the UN position" in paragraph 64.

In April 2018, Plaintiff applied for the New Economy Forum Editor position in New York, as referenced in paragraph 63 of the Complaint. Bill Faries was advised of Plaintiff's application to the New Economy Forum Editor position by Defendant Bloomberg's New York Human Resources Department.

In or around Spring 2018, Plaintiff applied for the Health and/or Health Care Reporter position in New York. Plaintiff interviewed for the role with a Defendant Bloomberg Health Editor in New York.

From January through June 2018, Plaintiff told Bill Faries and Mike Shepard numerous times that she was interested in foreign policy reporting jobs, investigative reporter jobs and editing roles based in New York, as referenced in paragraphs 60, 62, and 63 of the Complaint.

In or around Spring 2018, Plaintiff discussed with Bill Faries and Tamika Alexander other job possibilities for Plaintiff in New York, however, Plaintiff is not in possession of the names of those job titles, which are within Defendant's exclusive possession, custody and control.

**INTERROGATORY NO. 4:**

Separately for each position, "promotion[]," and/or "career opportunit[y]" with Defendant that Plaintiff sought, expressed "interest" in, or applied for in New York, as referenced in paragraphs "1," "4," "28," "60," "62," "63," "64," "72" and "76" of the Complaint, identify all current or former BLP employees with whom Plaintiff discussed each respective position and/or her application thereto.

**OBJECTION AND RESPONSE NO. 4:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and unduly

11

burdensome. Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks beyond the scope permitted by Rule 33.3(a) is more practically obtained through requests for production and/or depositions.

Subject to and without waiving the foregoing Objections and General Objections, Plaintiff identifies the following individuals: Thomas Houston; Craig Gordon; Bill Faries; Mike Shephard; Megan Murphy; Tamika Alexander; Angela Wiley; Wes Kosova; Ben Holland; and Saleh Mohsin. Plaintiff reserves her right to disclose additional individuals whose identity may be ascertained in the course of discovery and/or investigation.

**AMENDED OBJECTION AND RESPONSE NO. 4:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and unduly burdensome to identify each individual with whom she discussed any "position, "promotion" or "career opportunity" without further description or time period. Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks beyond the scope permitted by Rule 33.3(a) is more practically obtained through requests for production and/or depositions.

Subject to and without waiving the foregoing Objections and General Objections, Plaintiff responds as follows:

With respect to the positions, promotions, and/or career opportunities referenced in paragraphs 1, 4, 28, 72, and 76, Plaintiff repeats and reincorporates her second amended response to Interrogatory 3.

Plaintiff discussed the United Nations Reporter position referenced in paragraphs 60, 63 and 64 with David Wainer, Bill Faries, Mike Shephard, Tamika Alexander, Wes Kosova, and Ben Holland.

12

Plaintiff discussed the New Economy Forum Reporter position referenced in paragraph 63 with Bill Faries.

Plaintiff discussed the Foreign Policy Reporter position, one of the other positions in New York that she applied for as referenced in paragraph 63, with Craig Gordon, Bill Faries, and Mike Shephard.

Plaintiff discussed other job possibilities for Plaintiff in New York with Tamika Alexander and Bill Faries, however, Plaintiff is not in possession of the names of those job titles, which are within Defendant's exclusive possession, custody and control.

Plaintiff reserves her right to disclose additional individuals whose identity may be ascertained in the course of discovery and/or investigation.

## SECOND AMENDED OBJECTION AND RESPONSE NO. 4:

Plaintiff objects to this Interrogatory on the grounds that it is vague and unduly burdensome to identify each individual with whom she discussed any "position, "promotion" or "career opportunity" without further description or time period. Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks beyond the scope permitted by Rule 33.3(a) is more practically obtained through requests for production and/or depositions.

Subject to and without waiving the foregoing Objections and General Objections, Plaintiff responds as follows:

With respect to the positions, promotions, and/or career opportunities referenced in paragraphs 1, 4, 28, 72, and 76, Plaintiff repeats and reincorporates her third amended response to Interrogatory 3.

Plaintiff discussed the United Nations Reporter position referenced in paragraphs 60, 63 and 64 with Bill Faries, Mike Shepard, Tamika Alexander, Wes Kosova, and Ben Holland.

13

**Plaintiff discussed the New Economy Forum Reporter position referenced in paragraph 63 with Bill Faries.**

**Plaintiff discussed the Foreign Policy Reporter position, one of the other positions in New York that she applied for as referenced in paragraph 63, with Craig Gordon, Bill Faries, and Mike Shepard.**

**Plaintiff discussed other job possibilities for Plaintiff in New York with Tamika Alexander and Bill Faries, however, Plaintiff is not in possession of the names of those job titles, which are within Defendant's exclusive possession, custody and control.**

**Plaintiff reserves her right to disclose additional individuals whose identity may be ascertained in the course of discovery and/or investigation.**

<u>**INTERROGATORY NO. 5:**</u>

Separately for each position, "promotion[]," and/or "career opportunit[y]" with Defendant in New York that is referenced in paragraphs "1," "4," "28," "60," "62," "63," "64," "72" and "76" of the Complaint, identify the date on which Plaintiff applied to that position, "promotion[]," and/or "career opportunit[y]."

<u>**OBJECTION AND RESPONSE NO. 5:**</u>

**Plaintiff objects to this Interrogatory on the grounds that it is vague and unduly burdensome. Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks is more practically obtained through requests for production and/or depositions.**

<u>**AMENDED OBJECTION AND RESPONSE NO. 5:**</u>

*See* **Amended Objection and Response No. 3.**

<u>**SECOND AMENDED OBJECTION AND RESPONSE NO. 5:**</u>

*See* **Second Amended Objection and Response No. 3.**

**THIRD AMENDED OBJECTION AND RESPONSE NO. 5:**

*See* **Third Amended Objection and Response No. 3.**

**INTERROGATORY NO. 6:**

Identify the "Defendant Bloomberg male team members and supervisors" referenced in paragraph "53" of the Complaint.

**OBJECTION AND RESPONSE NO. 6:**

**Plaintiff objects to this Interrogatory on the grounds that it is vague.**

**Subject to and without waiving the foregoing Objections and General Objections, Plaintiff identifies the following individuals: Craig Gordon; Matthew Philips; Peter Waldman; Bill Faries; Wes Kosova; and Mike Shepard. Plaintiff reserves her right to disclose additional individuals whose identity and date(s) of discussions may be ascertained in the course of discovery and/or investigation.**

**AMENDED OBJECTION AND RESPONSE NO. 6:**

**Plaintiff objects to this Interrogatory on the grounds that it is vague.**

**Subject to and without waiving the foregoing Objections and General Objections, Plaintiff identifies the following individuals: Craig Gordon; Matthew Philips; Peter Waldman; Bill Faries; Wes Kosova; Mike Shepard; Reto Gregori and Marty Schenker Plaintiff reserves her right to disclose additional individuals whose identity and date(s) of discussions may be ascertained in the course of discovery and/or investigation.**

**INTERROGATORY NO. 7:**

Identify all persons referenced in paragraphs "54" of the Complaint, including the "male Editors," "female minority employees," and the individuals who allegedly "overlooked and undervalued" Plaintiff's work and/or "marginalized" Plaintiff.

15

**OBJECTION AND RESPONSE NO. 7:**

Plaintiff objects to this Interrogatory as it is overly broad, vague, and unduly burdensome.

Subject to and without waiving the foregoing Objections and General Objections, Plaintiff identifies the following individuals: Matthew Philips; Marty Schenker; Reto Gregori; Andrew Barden; Alaa Shahine, Riad Hamade; Cesca Antonelli; Claudia Maedler; Tom Giles; Flavia Krause-Jackson; Laura Zelenko; Craig Gordon; Wes Kosova; Bill Faries; Mike Shepard; Ethan Bronner; Peter Waldman; Sara Forden; Jordan Robertson; Michael Riley. Plaintiff reserves her right to disclose additional individuals whose identity may be ascertained in the course of discovery and/or investigation.

**INTERROGATORY NO. 8:**

For each element of damages or relief that Plaintiff claims, please state the specific type(s) and amount of damages or relief that Plaintiff seeks, the method by which Plaintiff has computed each element of monetary relief, and describe the specific facts and circumstances supporting Plaintiff's claim that she has experienced the type or component of damages claimed.

**OBJECTION AND RESPONSE NO. 8:**

Plaintiff also objects that this Interrogatory goes beyond the scope permitted by Local Civil Rule 33.3, which permits the computation of each category of damage alleged, but not "the specific facts and circumstances supporting Plaintiff's claim that she has experienced the type or component of damages claimed." Plaintiff objects to this Interrogatory on the grounds that it is overly broad, premature, unduly burdensome, and vague, particularly as to Defendant's request to "describe the specific facts and circumstances supporting Plaintiff's claim that she has experienced the type or component of damages claimed." Plaintiff further objects that this Interrogatory seeks information regarding damages that is ongoing and cannot be computed at this time since it requires discovery, including but not limited to Defendant's

16

**production of requested HR data, and expert analysis.**

**Subject to and without waiving the foregoing objections and General Objections, Plaintiff seeks compensatory damages which will include a calculation of loss of earnings, benefits, limited to the value of any decreased social security benefits (which are calculated based on average income) and/or retirement benefits to the extent applicable, and other loss of non-medical employment benefits and career opportunity. Plaintiff will supplement her responses following expert discovery after review and analysis of the relevant pay data information is obtained from Defendant and Plaintiff is permitted to review relevant data. Plaintiff will provide expert disclosure and testimony in accordance with the Federal Rules of Civil Procedure and this Court's Orders to support her economic damages. In addition, Plaintiff seeks punitive damages based upon the conduct committed, created and/or condoned by Defendant in an amount to be proven at trial in accordance with the applicable standards of conduct for the award of punitive damages.**

**INTERROGATORY NO. 9:**

Identify and describe all equitable (*i.e.*, non-monetary) relief, if any, that Plaintiff seeks in this lawsuit.

**OBJECTION AND RESPONSE NO. 9:**

**Plaintiff objects that this Interrogatory goes beyond the scope permitted by Local Civil Rule 33.3, which permits the computation of each category of damage alleged, not a list of "all equitable . . . relief." Plaintiff objects on the grounds that this request is improper because it calls for a premature legal conclusion. Plaintiff further objects on the grounds that the request seeks privileged information in violation of the attorney-client privilege and attorney work product doctrine.**

**AMENDED OBJECTION AND RESPONSE NO. 9:**

Plaintiff objects on the grounds that this request is improper because it calls for a legal analysis and legal conclusion and is not factual information Plaintiff can provide. Plaintiff further objects on the grounds that the request seeks privileged information in violation of the attorney-client privilege and attorney work product doctrine. Plaintiff further objects that the specific equitable relief sought will turn, in part, on expert analyses and opinion, and expert reports are not subject to disclosure at this stage of the litigation, but will be produced in accordance with the governing case schedule and the Federal Rules of Civil Procedure. Plaintiff also objects that this interrogatory goes beyond the scope permitted by Local Civil Rule 33.3, which permits the computation of each category of damage alleged, not a list of "all equitable…relief."

Subject to and without waiving the forgoing Objections and General Objections, Plaintiff seeks equitable relief to declare the acts and practices of the Defendant are in violation of Title VII, the New York State Executive Law § 296 and the New York City Administrative Code 8-107 *et seq*, to enjoin the Defendant from continuing its practices of engaging in acts and practices of discrimination based on sex and/or race in the terms and conditions of its employees, to take appropriate affirmative steps to change its handling of discrimination complaints; and to take appropriate affirmative steps to train its managers and employees so as to reduce the likelihood of discrimination occurring, and for such other equitable relief as is appropriate.

**INTERROGATORY NO. 10:**

Identify (by stating the full name, business and business address) any doctors, physicians, psychiatrists, psychologists, psychoanalysts, therapists, clinics, clinicians, counselors, pharmacies, or other health or treating professionals whom Plaintiff has consulted, was referred to, or from whom

18

she sought treatment concerning any emotional distress or other damages alleged in the Complaint, or any other physical, mental, emotional, or other injuries that she alleges in the Complaint or will allege she suffered as a result of any alleged acts or conduct of Defendant.

**OBJECTION AND RESPONSE NO. 10:**

**Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks beyond the scope permitted by Rule 33.3(a) is more practically obtained through requests for production and/or depositions. Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome. Plaintiff objects to this Interrogatory in that it violates Plaintiff's right to confidentiality, subjects Plaintiff to harassment, oppression, embarrassment, annoyance and unwarranted invasion of her privacy, and is disproportionate and seeks confidential information that is not relevant to the prosecution or defense of her claims in this action. Plaintiff seeks only garden variety emotional distress damages and therefore will not submit any medical documentation in support of her emotional distress claim in this action. _See, e.g._, _Lewis v. Am. Sugar Refining, Inc._, 325 F. Supp. 3d 321, 364-67 (S.D.N.Y. 2018) (in the Second Circuit, garden variety emotional distress claims need only be supported by testimony and do not need to be supported by medical corroboration); _accord United States v. Asare_, 476 F. Supp. 3d 20, 37 (S.D.N.Y. 2020).**

**INTERROGATORY NO. 11:**

Identify with specificity any and all physical, mental, emotional, or other injuries that Plaintiff alleges in the Complaint or will allege that she suffered as a result of any alleged acts or conduct of Defendant.

**OBJECTION AND RESPONSE NO. 11:**

**Plaintiff objects that this Interrogatory goes beyond the scope permitted by Local Civil Rule 33.3, which permits the computation of each category of damage alleged, not a list of "any**

19

and all physical, mental, emotional, or other injuries." Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome. Plaintiff objects to this Interrogatory in that it violates Plaintiff's right to confidentiality, subjects Plaintiff to harassment, oppression, embarrassment, annoyance and unwarranted invasion of her privacy, and is disproportionate and seeks confidential information that is not relevant to the prosecution or defense of her claims in this action. Plaintiff seeks only garden variety emotional distress damages and therefore will not submit any medical documentation in support of her emotional distress claim in this action. *See, e.g.*, *Lewis v. Am. Sugar Refining, Inc.*, 325 F. Supp. 3d 321, 364-67 (S.D.N.Y. 2018) (in the Second Circuit, garden variety emotional distress claims need only be supported by testimony and do not need to be supported by medical corroboration); *accord United States v. Asare*, 476 F. Supp. 3d 20, 37 (S.D.N.Y. 2020).

**INTERROGATORY NO. 12:**

To the extent not identified in response to Interrogatory No. 10, identify any doctors, physicians, psychiatrists, psychologists, psychoanalysts, therapists, clinics, clinicians, counselors, pharmacies, or other health professionals whom Plaintiff has consulted, was referred to, or from whom Plaintiff sought treatment from October 19, 2011 to the present.

**OBJECTION AND RESPONSE NO. 12:**

Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks beyond the scope permitted by Rule 33.3(a) is more practically obtained through requests for production and/or depositions. Plaintiff objects to this Interrogatory on the grounds that it is overly broad (including as to time period), vague, and unduly burdensome. Plaintiff objects to this Interrogatory in that it violates Plaintiff's right to confidentiality, subjects Plaintiff to harassment, oppression, embarrassment, annoyance and unwarranted invasion of her privacy,

and is disproportionate and seeks confidential information that is not relevant to the prosecution or defense of her claims in this action. **Plaintiff seeks only garden variety emotional distress damages and therefore will not submit any medical documentation in support of her emotional distress claim in this action.** *See, e.g.*, *Lewis v. Am. Sugar Refining, Inc.*, 325 F. Supp. 3d 321, 364-67 (S.D.N.Y. 2018) (in the Second Circuit, garden variety emotional distress claims need only be supported by testimony and do not need to be supported by medical corroboration); *accord United States v. Asare*, 476 F. Supp. 3d 20, 37 (S.D.N.Y. 2020).

**INTERROGATORY NO. 13:**

Identify (by employer name and address) all employment that Plaintiff has held (whether paid, unpaid or self-employment) during or after Plaintiff's employment with BLP.

**OBJECTION AND RESPONSE NO. 13:**

Plaintiff objects to this Interrogatory as it is overly broad and unduly burdensome. Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks beyond the scope permitted by Rule 33.3(a) is more practically obtained through requests for production and/or depositions.

**AMENDED OBJECTION AND RESPONSE NO. 13:**

Plaintiff objects to this Interrogatory as it is overly broad and unduly burdensome. Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks beyond the scope permitted by Rule 33.3(a) is more practically obtained through requests for production and/or depositions.

Subject to, and without waiver of the foregoing objections and General Objections, Plaintiff identifies the following:

21

**August 2024-present: Yale University, Lecturer in English and Associate Research Scholar;**

**December 2021-June 2024: The Los Angeles Times, Assistant Op-Ed Editor;**

**October 2020-May 2024: University of California, Visiting Scholar;**

**September 2019-June 2020: Institute for Advanced Study, Visiting Scholar; and**

**November 2018-June 2019; University of Pennsylvania, Visiting Fellow.**

**<u>SECOND AMENDED OBJECTION AND RESPONSE NO. 13:</u>**

**Plaintiff objects to this Interrogatory as it is overly broad and unduly burdensome. Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks beyond the scope permitted by Rule 33.3(a) is more practically obtained through requests for production and/or depositions.**

**Subject to, and without waiver of the foregoing objections and General Objections, Plaintiff identifies the following:**

**August 2024-present: Yale University, Lecturer in English and Associate Research Scholar;**

**December 2021-June 2024: The Los Angeles Times, Assistant Op-Ed Editor;**

**November 2020-May 2024: University of California, Visiting Scholar;**

**September 2019-June 2020: Institute for Advanced Study, Visiting Scholar; and**

**November 2018-June 2019; University of Pennsylvania, Visiting Fellow.**

**<u>INTERROGATORY NO. 14:</u>**

Identify (by employer name and address) all prospective employers with whom Plaintiff applied for employment or otherwise sought employment with (whether paid, unpaid or self-employment) during or after Plaintiff's employment with BLP.

22

**OBJECTION AND RESPONSE NO. 14:**

Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, and vague as to "prospective" and "otherwise sought." Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks beyond the scope permitted by Rule 33.3(a) is more practically obtained through requests for production and/or depositions.

**AMENDED OBJECTION AND RESPONSE NO. 14:**

Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, and vague as to "prospective" and "otherwise sought." Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks beyond the scope permitted by Rule 33.3(a) is more practically obtained through requests for production and/or depositions.

Subject to, and without waiver of the foregoing objections and General Objections, and in addition to the employers identified in Plaintiff's Amended Objection and Response No. 13, Plaintiff identifies the following prospective employers:

The San Diego Union Tribune, McKinsey & Company, Harvard Business Publishing, Thomson Reuters, Princeton University, American Civil Liberties Union, The Open Society Fellowship, Wilson Center, The New York Times, Dow Jones, BuzzFeed, WeWork, SnapChat, Amazon, Macmillan, Noema Magazine, Deloitte, The Atlantic Monthly Group LLC, International Rescue Committee, USA TODAY, The Associated Press, Netflix, Berggruen Institute, NBC Universal, CrowdStrike, Washington Post, Woden, Forbes, Forbes Advisor, BBC News, The Media Grind, Leff Communications LLC, ControlRisks, Vivial, Atlantic Media.

23

**SECOND AMENDED OBJECTION AND RESPONSE NO. 14:**

Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, and vague as to "prospective" and "otherwise sought." Plaintiff objects to this Interrogatory to the extent that it seeks information beyond the scope permitted by Rule 33.3(a) of the Local Rules and that the information it seeks beyond the scope permitted by Rule 33.3(a) is more practically obtained through requests for production and/or depositions.

Subject to, and without waiver of the foregoing objections and General Objections, and in addition to the employers identified in Plaintiff's Amended Objection and Response No. 13, Plaintiff identifies the following prospective employers:

McKinsey & Company, Harvard Business Publishing, Thomson Reuters, Princeton University, American Civil Liberties Union, The Open Society Fellowship, Wilson Center, The New York Times, Dow Jones, BuzzFeed, WeWork, SnapChat, Amazon, Macmillan, Noema Magazine, Deloitte, The Atlantic Monthly Group LLC, International Rescue Committee, USA TODAY, The Associated Press, Netflix, NBC Universal, CrowdStrike, Washington Post, Woden, Forbes, Forbes Advisor, BBC News, The Media Grind, Leff Communications LLC, ControlRisks.

**INTERROGATORY NO. 15:**

Identify all documents Plaintiff consulted or relied upon in preparing her responses to these interrogatories.

**OBJECTION AND RESPONSE NO. 15:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad and seeks documents that are protected by the attorney-client privilege and attorney work- product doctrine. Plaintiff objects that this Interrogatory goes beyond the scope permitted by Local Civil Rule 33.3, which permits interrogatories directed at identifying the existence, custodian,

**location and general description of relevant documents, not a list of individual documents consulted to respond to interrogatories.**

**Subject to and without waiver of the foregoing Objections, and General Objections, Plaintiff refers Defendant to documents identified within Plaintiff's Initial Disclosures and any documents produced in response to Defendant's First Request for Production of Documents.**

## RESERVATION OF RIGHTS

Plaintiff reserves her right to supplement her responses up to and including the time of trial in accordance with the rules of the Court.

| | |
|---|---|
| Dated:      New York, New York<br>              September 17, 2025 | THE CLANCY LAW FIRM, P.C. |

*/s/ Donna H. Clancy*
Donna H. Clancy
40 Wall Street, Floor 61
New York, New York 10005
(T) 212-747-1744
dhc@dhclancylaw.com

COHEN      MILSTEIN      SELLERS
& TOLL PLLC

*/s/ Christine E. Webber*
Christine E. Webber
Rebecca A. Ojserkis
Dana Busgang
1100 New York Ave. NW, Eighth Floor
Washington, DC 20005
(T) 202 408-4600
CWebber@cohenmilstein.com
ROjserkis@cohenmilstein.com
DBusgang@cohenmilstein.com

To: PROSKAUER ROSE
Via Electronic Delivery
All Attorneys of Record

25

I, NAFEESA SYEED, declare under penalties of perjury as follows:

I am the Plaintiff in this action.

I have read the foregoing Plaintiff's Third Amended Objections and Responses to Defendant Bloomberg L.P.'s First Set of Interrogatories. The responses to the interrogatories are based on my personal knowledge or information provided to me.

I am informed and believe that the matters stated therein are true and accurate and on that ground I allege that to the best of my knowledge and belief, the matters stated in such responses are true and accurate.

Dated: __9/17/2025__                                   _____
                                                        Nafeesa Syeed

26

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2025, a true and correct copy of the foregoing

was served via email on all parties or persons requiring notice.

By: *<u>/s/ Donna Clancy</u>*
Donna Clancy