UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

NAFEESA SYEED, :

Plaintiff, :

: MEMORANDUM ORDER

-v.-

: 24 Civ. 6101 (GHW) (GWG)

BLOOMBERG L.P., :

Defendant. :

---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

This Order addresses the motions to seal materials submitted in connection with defendant's motion for summary judgment and motion to exclude. See Docket ## 87, 100, 108, 110, 117, and 118.

We begin with the applicable standards. Briefly, "documents submitted to a court for its consideration in a summary judgment motion are — as a matter of law — judicial documents to which a strong presumption of access attaches." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006). "Filings related to Daubert motions are judicial documents subject to a significant presumption of access" as well. Ndugga v. Bloomberg L.P., 2025 WL 2302089, at *1 (S.D.N.Y. Aug. 11, 2025) (citation and internal quotation marks omitted). In light of this presumption, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Lugosch, 435 F.3d at 124 (citation omitted).

Because the motions relate to materials designated as confidential by defendant, defendant has the burden of demonstrating that these materials should be sealed. See DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997).

The motions concern four categories of materials.

First, defendant seeks sealing of the Employee Information Reports ("EIRs") of nonparties Craig Gordon, Michael Shepard, Nick Wadhams, and David Wainer.[1] See Docket # 118 at 4. Each EIR contains an employee's "career history, performance evaluation ratings, and other personally identifying information." Id. "EIRs are kept strictly confidential by [defendant]; they are not accessible to other . . . employees, and employees are not even provided access to their own." Id. Defendant asserts that disclosure of EIRs "would therefore undermine [defendant's] confidentiality measures and the expectation of privacy regarding its personnel records." Id. That defendant maintains EIRs in confidence is not itself a reason for the Court to seal them. See Collado v. City of New York, 193 F. Supp. 3d 286, 290 (S.D.N.Y. 2016) (observing "the value of preserving the confidentiality of . . . personnel records cannot overcome the 'strong presumption' in favor of public access to documents"). But certainly, insofar as these EIRs contain personally identifying information (addresses, birthdays, Social Security Numbers, and the like) or other

[1] The Court is unable to locate Wainer's EIR in the parties' submissions.

data (like internal employee identification numbers), this information is of zero interest to the public, and its redaction vindicates important privacy concerns. See Ndugga, 2025 WL 2302089, at *2 (observing that "personally identifiable information of Bloomberg nonparty employees, such as name, start date, and other biographical information" has "little value to the public," and "there are obvious reasons why [it] should not be filed publicly"). Additionally, the names of managers who appear in the EIRs but who are not mentioned in the parties' briefs may be redacted, as these managers have no bearing on the issues in this case and thus have a privacy interest in not having their names revealed.

Relatedly, defendant requests to seal Wainer's "compensation information and the terms of his 2018 relocation from Tel Aviv to New York." Docket # 87 at 2. It also wishes to seal "compensation information" relating to Wadhams. Docket # 117 at 2. It asserts, "Public disclosure of this information would result in concrete harm by exposing highly sensitive, private financial details of nonparties, undermining Mr. Wainer's and Mr. Wadhams' privacy and potentially disadvantaging them in future compensation negotiations." Id. We accept defendant's assertion. Among the higher values which warrant sealing are "the privacy interests of third parties" in their "financial information, including their compensation." Metcalf v. TransPerfect Translations Int'l Inc., 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025) (citation and internal quotation marks omitted). Moreover, this information did not figure in the parties' briefs. Accordingly, defendant's request is granted.

Next, defendant seeks sealing of "the names of uninvolved, nonparty employees who are listed in Plaintiff's responses to Interrogatory Nos. 1, 2, 3, and 7," Docket # 117 at 3, along with "the names of, and details regarding, uninvolved, nonparty employees who are mentioned and/or described in Plaintiff's opposition papers (i.e., employees who are not named in the Complaint and/or who have no direct involvement in this lawsuit)," Docket # 118 at 4. Defendant asserts, "The revelation of these individuals' identities serves no legitimate public interest and has no bearing on the issues in this case." Id. at 4-5. We agree that names "may be redacted where an employee is not a party to action in light of the individual's privacy interests." Oklahoma Firefighters Pension & Ret. Sys. v. Musk, 2024 WL 2305264, at *2 (S.D.N.Y. May 20, 2024). However, we are aware that the names of some nonparty employees already appear in public filings — for example, emails from Laura Zelenko appear at Docket # 106-4 (at page *20) — and thus may not be sealed. See Lytle v. JPMorgan Chase, 810 F. Supp. 2d 616, 626 (S.D.N.Y. 2011) (refusing to redact names of employees "already in the public record"). Therefore, defendant's application to seal the names of nonparty employees is granted only as to those employees whose names/roles (to defendant's knowledge) do not already appear in materials filed publicly in connection with the motion for summary judgment and motion to exclude.

Lastly, defendant wishes to seal materials containing "private, sensitive information" about plaintiff. Docket # 83 at 3; see Docket # 117 at 3; Docket # 118 at 4. Defendant argues that plaintiff's "compensation information from her tenure as a [Bloomberg] employee and thereafter should . . . be sealed, as its disclosure would reveal sensitive personal financial details and could impact her future employment negotiations." Docket # 83 at 3. But plaintiff has not sought to maintain this information under seal, and the Court believes that she is a better judge of her own interests than defendant. Defendant also argues that information in plaintiff's EIR should remain sealed because of its "expectation of privacy regarding its personnel records." Id. Again, this is not enough to overcome the presumption of access. "[T]he mere invocation of the rules or regulations of a private organization cannot alone justify the continued sealing of documents to which the public presumptively has a right of access." Major League Baseball Players Ass'n v. Arroyo, 2024 WL 3028432, at *4 (S.D.N.Y. June 17, 2024). Defendant's request to seal materials about plaintiff is denied, except it may seal the names of managers in plaintiff's EIR who are not referred to in the parties' briefs.

Finally, the Court notes that at least two redactions in plaintiff's memorandum of law in opposition to defendant's summary judgment motion (at pages 13 and 25 of Docket # 111) do not fit into the above categories and cannot remain redacted. Moreover, the material quoted in these two passages comes from a document (¶ 82 of Docket # 113) that is already filed publicly.

If defendant becomes aware of any other redactions that do not fit into the above categories, it should make sure the relevant materials are refiled in unredacted form.

CONCLUSION

The motions to seal are granted as set forth above. To the extent any materials are currently filed under seal or with redactions that are inconsistent with the rulings contained in this Order, defendant is directed to refile such materials — whether they were originally filed by plaintiff or by defendant — maintaining redactions or sealing only to the extent they are consistent with this Order.

Such refiling shall take place within 14 days. To effectuate this order, defendant shall (1) publicly refile the papers that require refiling with the redactions permitted by this Order; and (2) file under seal unredacted versions of these same documents that highlight the permitted redactions. The papers shall be filed as attachments to a letter to the Court from defendant. The docket entry for each attachment shall contain a reference to the original docket number — for example, "Attachment A: Memorandum of Law in Opposition to Motion for Summary Judgment (previously filed as Docket ## 103, 111 and 114)".

The Clerk of Court is respectfully requested to terminate the motions to Docket ## 87, 100, 108, 110, 117, and 118.

SO ORDERED.

Date: August 21, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge